1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    KAM WONG,                              Case No.  14-cv-04760-JST (PR)
               Plaintiff,
8
         v.                                 **ORDER OF SERVICE**
9
10   S. WONG, et al.,
               Defendants.
11

12

13                                **INTRODUCTION**

14       Plaintiff, an inmate at the Martinez Detention Facility ("MDF") in Martinez, California,

15   filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that he is being denied an eye

16   examination despite known eye ailments and pain.  Plaintiff's original complaint was dismissed

17   with leave to amend and he has filed an amended complaint, which is now before the Court for

18   review pursuant to 28 U.S.C. § 1915A.

19                                 **DISCUSSION**

20   **A.     Standard of Review**

21       A federal court must conduct a preliminary screening in any case in which a prisoner seeks

22   redress from a governmental entity or officer or employee of a governmental entity.  See 28

23   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

24   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

25   monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

26   (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

27   Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

28       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

United States District Court
Northern District of California

1   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

2   statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

3   which it rests.'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

4   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

5   obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

6   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

7   Factual allegations must be enough to raise a right to relief above the speculative level."  Bell

8   Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

9   must proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 1974.

10          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

11   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

12   the alleged violation was committed by a person acting under the color of state law.  See West v.

13   Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

15          According to the amended complaint, plaintiff suffers from eye ailments, including blurred

16   vision, pain and headaches, and "black floaters" resulting from constant straining and squinting.

17   At the time he filed this action, he had been waiting seventeen months for an eye examination.

18   During that time, he submitted sick call requests and grievances informing MDF medical staff of

19   his pain and suffering.  Defendants, staff nurses Joy, Maricee, Herji, Marisol, and Eltra, responded

20   to plaintiff at various times informing him that the MDF physician was aware of his requests, that

21   an outside optometrist handled eye examinations, that there was a long waitlist, and that it was out

22   of MDF's hands.  Plaintiff alleges that, although these nurses and the MDF staff physician knew

23   about plaintiff's pain, they failed to provide pain medication.  Plaintiff also alleges that outside

24   optometrist, Dr. S. Wong, failed to timely provide treatment.

25          Deliberate indifference to serious medical needs violates the Eighth Amendment's

26   proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).

27   A "serious medical need" exists if the failure to treat a prisoner's condition could result in further

28   significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974

United States District Court
Northern District of California

2

1    F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other

2    grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

3         Liberally construed, the amended complaint adequately alleges a claim for deliberate

4    indifference to serious medical needs in violation of the Eighth Amendment as against MDF staff

5    nurses Joy, Maricee, Herji, Marisol, and Eltra as well as against the MDF staff physician.

6         The amended complaint fails to allege facts sufficient to state a claim that outside

7    optometrist Dr. S. Wong acted with deliberate indifference to plaintiff's serious medical needs.

8    The problem with plaintiff's allegations concerns the mental state required for an Eighth

9    Amendment claim.  A prison official is "deliberately indifferent" if he knows that a prisoner faces

10   a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to

11   abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The defendant must not only "be aware of

12   facts from which the inference could be drawn that a substantial risk of serious harm exists," but

13   he "must also draw the inference."  Id.  If the defendant should have been aware of the risk, but

14   was not, then he has not violated the Eighth Amendment, no matter how severe the risk.  Gibson

15   v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

16        Neither negligence nor gross negligence are adequate to impose liability under the Eighth

17   Amendment.  Farmer, 511 U.S. at 835-36 & n4.  An "official's failure to alleviate a significant

18   risk that he should have perceived but did not, . . . cannot under our cases be condemned as the

19   infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have been 'wanton,'

20   which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."

21   Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-

22   03 (1991)).  Prison officials violate their constitutional obligation only by "intentionally denying

23   or delaying access to medical care."  Estelle, 429 U.S. at 104-05.

24        Plaintiff does not allege that he ever received treatment from or even met with Dr. S.

25   Wong.  Rather, it appears that her only role was that of an outside optometrist to whom plaintiff

26   was referred.  Even accepting as true plaintiff's allegations that Dr. S. Wong did not see him in a

27   timely manner, this does not suggest deliberate indifference to a serious medical need under the

28   Farmer standard.  To the contrary, the amended complaint suggests that Dr. S. Wong did not enter

United States District Court
Northern District of California

3

a doctor/patient relationship with plaintiff.  Therefore, Dr. S. Wong will be dismissed from the action.

Finally, regarding defendant MDF staff physician, plaintiff states that he does know this defendant's name.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Plaintiff must provide to the Court the name of defendant MDF staff physician by the date scheduled in this order for defendants to file their dispositive motion.  Failure to do so will result in dismissal of this defendant without prejudice to plaintiff filing a new action against him or her.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's claim against defendant Dr. S. Wong is DISMISSED.  Dismissal is without leave to amend because plaintiff has been given an opportunity to amend this claim and it appears that further amendment would be futile.  The Clerk shall terminate defendant Dr. S. Wong from the docket in this action.

2.      The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (dkt. no. 6), and a copy of this order upon **Nurse Joy, Nurse Maricee, Nurse Herji, Nurse Marisol,** and **Nurse Eltra** at the **Martinez Detention Facility**.  Plaintiff indicates that he does not know the last names of the defendant nurses, named here only by their first names.  Accordingly, the Marshal shall attempt service of process using their first names.  If plaintiff is able to obtain accurate full names for these defendants, he should provide them to the Court to avoid potential service issues which may result in further delay.

4

1    The Clerk shall also mail a courtesy copy of the amended complaint and this order to the

2    Contra Costa County Counsel's Office.

3         3.    In order to expedite the resolution of this case, the Court orders as follows:

4              a.    No later than **91 days** from the date this order is filed, defendants must file

5    and serve a motion for summary judgment or other dispositive motion.  A motion for summary

6    judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and

7    adequate notice of what is required of him in order to oppose the motion.  <u>Woods v. Carey</u>, 684

8    F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th

9    Cir. 1998), must be served concurrently with motion for summary judgment).[1]

10   If defendants are of the opinion that this case cannot be resolved by summary judgment,

11   defendants must so inform the Court prior to the date the motion is due.

12             b.    Plaintiff's opposition to the summary judgment or other dispositive motion

13   must be filed with the Court and served upon defendants no later than **28 days** from the date the

14   motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

15   provided later in this order as he prepares his opposition to any motion for summary judgment.

16             c.    Defendants **shall** file a reply brief no later than **14 days** after the date the

17   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

18   hearing will be held on the motion.

19        4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the

20   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

21   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

22   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

23

24   _____

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as
25   required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary
judgment, pursuant to the Ninth Circuit's recent opinion in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th
26   Cir. 2014) (en banc) (overruling <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), which
held that failure to exhaust available administrative remedies under the Prison Litigation Reform
27   Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).  Such a motion
should also incorporate a modified <u>Wyatt</u> notice in light of <u>Albino</u>.  See <u>Wyatt v. Terhune</u>, 315
28   F.3d 1108, 1120, n.14 (9th Cir. 2003); <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

United States District Court
Northern District of California

any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The <u>Rand</u> notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  <u>Woods</u>, 684 F.3d at 939).

5.      All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

1       9.      Plaintiff is cautioned that he must include the case name and case number for this

2   case on any document he submits to the Court for consideration in this case.

3           **IT IS SO ORDERED.**

4   Dated:  April 17, 2015

5   _____

6                                   JON S. TIGAR
                                    United States District Judge

United States District Court
Northern District of California

7