UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAM WONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOY KICK, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-04760-JST<br><br>**ORDER SCREENING THIRD AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE** |

On October 27, 2014, Plaintiff, an inmate at the Martinez Detention Facility ("MDF") in Martinez, California, filed this pro se civil rights action under 42 U.S.C. § 1983, alleging that he was denied necessary medical treatment for his eye ailments and pain. See Docket No. 1.

On April 17, 2015, the Court screened Plaintiff's first amended complaint and found that, liberally construed, it stated cognizable Eighth Amendment claims under Section 1983 for deliberate indifference to serious medical needs. See Docket No. 7 at 2–3. The Court ordered service on five named nurse defendants and an unnamed doctor. Ultimately, the following defendants were served: Nurse Joy Kick, Nurse Harjinder Dhanoa, Nurse Maricel De Los Angeles, Nurse Eltra Sheppard; and Dr. Dennis McBride. See, e.g., Docket No. 21.

On August 6, 2015, the Court granted Plaintiff leave to file a second amended complaint ("SAC"), but dismissed the SAC with leave to amend to correct certain deficiencies. See Docket No. 49 at 2, 3–4 and 6–7. Plaintiff has filed a third amended complaint (Docket No. 51), which is now the operative pleading and is before the Court for review under 28 U.S.C. § 1915A.

//

//

//

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Analysis

The third amended complaint completely replaces the prior complaints. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). As in the prior complaints, Plaintiff alleges in his third amended complaint that defendants MDF staff nurses Kick, Dhanoa, De Los Angeles, and Sheppard and MDF staff physician McBride failed to provide him necessary treatment and

2

1   medication for his eye ailments. These allegations were already found sufficient to state a

2   cognizable claim under the Eighth Amendment, and these defendants have already been served.

3         Plaintiff names as additional defendants Contra Costa County, County Administrator

4   David Twa in his individual capacity, and MDF Health Administrator Sam Rosales in his

5   individual capacity. Plaintiff alleges that Contra Costa County's policy of referring out inmate

6   optometry issues to Contra Costa Regional Medical Center, at outside hospital, has resulted in

7   inmates regularly waiting excessive amounts of time before receiving optometrical treatment. See

8   Docket No. 51 at 3. Plaintiff further alleges that defendant Rosales was aware of the policy and its

9   negative effects on inmates' optometrical treatment, and failed to supervise and properly train

10  MDF's medical staff to provide appropriate medical care when inmates request pain medication.

11  See id. at 3–4. Plaintiff also alleges that defendants Rosales and Twa condoned this policy by

12  promulgating this policy and allowing the policy to exist. See id. at 4.

13        To impose liability under Section 1983 against a municipal entity such as Contra Costa

14  County for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff

15  possessed a constitutional right of which he or she was deprived; (2) that the municipality had a

16  policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights;

17  and (4) that the policy is the moving force behind the constitutional violation. Plumeau v. School

18  Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997); see Monell v. Dep't of Social

19  Servs., 436 U.S. 658, 690 (1978). A supervisor may be liable under section 1983 "even without

20  overt personal participation in the offensive act if supervisory officials implement a policy so

21  deficient that the policy itself is a repudiation of constitutional rights and is the moving force of

22  the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.

23  1991) (en banc), (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836–

24  38 (1994) (internal citations and quotations omitted).

25        Liberally construed, the third amended complaint adequately alleges a Section 1983 claim

26  against Contra Costa County and against MDF Health Administrator Rosales and County

27  Administrator Twa for deliberate indifference to Plaintiff's serious medical needs in violation of

28  the Eighth Amendment.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the third amended complaint (Docket No. 51), and a copy of this order upon Contra Costa County, Contra Costa County Administrator David Twa, MDF Health Administrator Sam Rosales.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

   If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing

4

1   makes a motion for summary judgment that is properly supported by declarations (or other sworn
2   testimony), you cannot simply rely on what your complaint says. Instead, you must set out
3   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
4   as provided in [current Rule 56(c)], that contradict the facts shown in the defendants' declarations
5   and documents and show that there is a genuine issue of material fact for trial. If you do not
6   submit your own evidence in opposition, summary judgment, if appropriate, may be entered
7   against you. If summary judgment is granted, your case will be dismissed and there will be no
8   trial. Rand v. Rowland, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

   (The Rand notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

   4.   All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

   5.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

   6.   Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

   7.   Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

   //
   //

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: January 7, 2016



JON S. TIGAR
United States District Judge